IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| ROBERT SCOTT PALLM | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv234 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Robert Pallm, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pallm was convicted of aggravated sexual assault of a child, receiving a sentence of life in prison. He appealed his conviction and unsuccessfully sought state habeas corpus relief before filing his federal habeas corpus petition. In this petition, Pallm complains that he received ineffective assistance of counsel, the State failed to turn over certain evidence, the prosecutor elicited perjured testimony from the complainant, and the State failed to provide adequate notice of intent to enhance punishment. The Respondent filed an answer to Pallm's petition and Pallm filed a response to this answer.

After review of the pleadings and state court records, the magistrate judge issued a report recommending Pallm's application for federal habeas corpus relief be denied. In his objection to this report, Pallm argues that his attorney, Brent Ratekin, was unfamiliar with the sentencing statute and

1

did not realize that the State's notice of intent to enhance was based on the wrong statute.[1] He complains Ratekin's unfamiliarity with the law caused Pallm to reject a favorable plea offer. At trial, Pallm started to enter a guilty plea but then changed his mind and withdrew it. He contends Ratekin did not tell him that he was facing a mandatory life sentence upon conviction and that he would have accepted the plea offer had he known he was facing a mandatory sentence of life in prison.

Texas Penal Code art. 12.42 sets out a mandatory life sentence for persons convicted of aggravated sexual assault who have a prior conviction for offenses including sexual performance by a child or possession or promotion of child pornography, or under the laws of another state containing substantially similar elements. Pallm had a prior conviction from Georgia for the offense of child exploitation. At trial, immediately prior to Pallm's abortive entry of the guilty plea, Ratekin told the trial court, with Pallm present, that "if there's a conviction in this case, I believe it's going to be a mandatory life case." Ratekin did not file an election for the jury to assess punishment for this reason. (Reporter's Record, vol. III, p. 20). During the plea proceeding, Pallm stated "I'm in a catch-22. Either I'm going to get life and life stacked and die in the pen, or go ahead and say I did it." (Reporter's Record, vol. III, p. 37).

The record thus makes clear that both Ratekin and Pallm believed he was facing a life sentence in the event of conviction. Although Pallm alleges that he ultimately rejected the State's plea offer because he did not know the extent of the punishment he faced, the record belies this contention. Rather, Pallm rejected the plea agreement because, as he stated, "I can't plead to this." (Reporter's Record, vol. III, p. 40). When the trial court asked him to explain what happened, Pallm stated "I can't do that," and when asked why not, he replied "because nothing happened." (Reporter's Record, vol. III, p. 37). The trial court advised Pallm that she could not accept his plea

---

[1] According to Pallm, the notice of intent to enhance referred to a possibility of receiving a life sentence if the enhancement allegation was found to be true, but the actual statute which applied to him required a mandatory life sentence upon proof of the enhancement allegation.

2

of guilty if he could not explain or describe the circumstances of the offense. After Pallm stated that he wanted a trial, the court allowed him to withdraw his plea of guilty.

The state court's findings of facts specifically found that "the record does not support the defendant's allegation that he was unaware that he was facing a mandatory life sentence should the Court conclude that his prior conviction from the State of Georgia for the sexual exploitation of children was substantially similar to a Texas Penal Code offense under Texas Penal Code 12.42." (State Court Records, docket no. 8-21, p. 331). This finding is presumed true unless rebutted by clear and convincing evidence. Brumfield v. Cain, 744 F.3d 918, 923 (5th Cir. 2014). Pallm has failed to overcome the presumption of correctness attached to the state court finding.

The Supreme Court has explained that where allegedly ineffective advice led not to a plea offer's acceptance but its rejection, the petitioner must show that but for this ineffective advice, there is a reasonable probability that the plea offer would have been presented to the court (i.e. the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), the court would have accepted its terms, and the conviction or sentence would have been lighter than that which was actually imposed. Lafler v. Cooper, 132 S.Ct. 1376, 1385 (2012).

In this case, the plea offer was presented to the court and Pallm started to accept it, but then backed off. The state court's finding of fact and the transcript of the proceeding make clear that Pallm was aware he was facing a life sentence and that he withdrew his guilty plea because of his insistence that "nothing happened" as well as his expressed inability to explain the circumstances of the offense to the trial court. The trial court stated she would not accept his plea if he could not explain how the offense had occurred. Pallm has not shown that Ratekin rendered ineffective assistance of counsel or that but for this ineffectiveness, he would have accepted the plea agreement and the trial court would have accepted the plea despite his inability to explain the circumstances of the offense. His objections to the report of the magistrate judge are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 18) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Robert Pallm is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED** this 21st day of October, 2015.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE